The Rome Railroad *vs.* Wimberly.

fied in section 4257 of the Code, and thus make a resort to section 4258 of the Code unnecessary.

Writ of error dismissed

## THE ROME RAILROAD *vs.* WIMBERLY.

1. So long as the custody of baggage is incident either to a past or prospective transportation of a passenger, a railroad company must be regarded at least as a bailee for hire, the fare paid extending to both the transportation of the passenger and his baggage, and the storage of the latter for a reasonable time thereafter, so as to meet any ordinary exigency of travel; and to recover for the loss of such baggage, it would not be necessary to show gross neglect.

(*a.*) A passenger traveled a portion of the way to her destination by one railroad, and on the next morning resumed her route by another connecting road, which used the same baggage-room and platform as the first, her trunk remaining in the baggage-room all night, and she retaining the check; before the train on the second road left, an employé of the first took the check, agreeing to place the trunk in proper position for transportation; but, on reaching her destination, it was found not to have been put on board the train. On inquiry at the depot, the agent of the first road stated that the trunk had been left, and had been put back in the baggage-room. On demand for it, it could not be found, and suit was brought:

*Held*, that the storage of the trunk for a night was not for an unreasonable length of time, and if it was removed the next morning from the room to the platform for the purpose of being sent forward with the passenger on the other road, and the company's agent undertook to perform this duty, but neglected it, the company would be liable, if not as a common carrier, for want of extraordinary care; at least as a bailee for hire, for want of ordinary care.

2. The company could not relieve itself of responsibility without in some manner accounting for the loss of the trunk and showing how it left its custody. Its failure to do this would warrant the inference that the trunk was stolen by its servants or was lost in consequence of their gross neglect. Nor is the charge of negligence fully met by evidence produced to show that the building used for the storage of baggage was safe and secure, in charge of trusty agents and servants, and properly guarded by day and night.

December 22, 1885.

Railroads. Damages. Negligence. Baggage. Before Judge SIMMONS. Floyd Superior Court. March Term, 1885.

Reported in the decision.

Junius F. Hillyer; D. S. Printup, for plaintiff in error.

C. A. Thornwell; C. N. Featherston, for defendant.

Hall, Justice.

The plaintiff took passage on the Western and Atlantic Railroad from Atlanta, and at Kingston, by the Rome Rail road, to Rome. She paid her fare, and had her baggage, a lady's Saratoga trunk containing her wearing apparel, checked to the latter point, which she reached, and where she spent the night. Her trunk was not carried to the hotel where she lodged, but remained in the baggage room at the depot of the Rome Railroad. The next morning, she went to the station for the purpose of pursuing her journey on the East Tennessee, Virginia and Georgia Railroad to Prior's, a way station on that road, in Polk county, Georgia. At Rome both these roads used the same baggage-room, and the platform thereto attached for putting off and taking on passengers and their baggage and for taking care of and storing baggage. Preparatory to her departure, the plaintiff handed her check to a friend, and requested him to get her trunk and place it in position for transportation to her point of destination on the East Tennessee, Virginia and Georgia Railroad. The check was delivered to Ramsey, an employé of the Rome Railroad, and the trunk was brought out of the room, placed upon the platform, and he was instructed as to the disposition to be made of it. He consented to follow these instructions, and the gentleman giving them left the depot to attend to some business elsewhere before the arrival of the train the plaintiff was to take, and which she did take. Upon reaching her station, she found that her trunk was not on board the train, and had not been put on. At that time, the road gave no checks for baggage which was to

be delivered at way stations; consequently she had none. On visiting the depot at Rome that afternoon, Mr. Trout, who had courteously aided the plaintiff in placing her baggage on the platform, made inquiries about the matter, and was informed by this employé that the trunk had been left behind, and had been put back in the baggage-room. A demand was made for it previously to the commencement of suit, but it could not be found, and the defendant's servants being unable to give any account of it, the plaintiff brought suit against both roads for the recovery of it and its contents. Upon the trial of the case, the jury returned a verdict in her favor against the Rome Railroad for the full proved value, and against her and in favor of the East Tennessee, Virginia and Georgia Railroad. The defendant against which this verdict was found moved for a new trial upon several grounds, only one of which assigns any error in the charge, or excepts to any ruling of the court; the others are the general grounds. The motion was overruled, and the new trial refused, upon each and all the grounds taken therein, and the movant prosecuted this writ of error to have this judgment reviewed.

It does not appear that this trunk was ever out of the possession of the agents of the Rome Railroad Company, or that it was ever delivered to the plaintiff, or, in accordance with her directions, to the East Tennessee, Virginia and Georgia Railroad. This aspect of the case was not given in charge or submitted by the court to the jury. The defendant, upon this part of the case, was held liable "only for gross neglect." It cannot, and does not, complain of the charge in this respect; in our opinion, it was too favorable. and was more than it was entitled to under the law.

1. Under the circumstances in proof, it was bound to a higher degree of diligence than that given in charge, in the case of this baggage. While in its possession for that purpose, it undertook to deliver it on board the East Ten-

nessee, Virginia and Georgia Railroad train, on which the plaintiff was then about to pursue, and shortly thereafter pursued, her journey to her point of destination. The well settled rule seems to be, that "so long as the custody of the baggage is incident, either to a past or prospective transportation of the passenger, the company must be regarded, at the least, as bailees for hire, the fare paid extending both to the transportation of the passenger and his baggage, and the storage of the latter for a reasonable time afterwards, so as to meet any ordinary exigency of travel." 2 Redfield L. Rwys.. 44. 45 · Schouler on Bailments, 514, 515, 516.

The court charged that the storage of this baggage for a night was not, under the circumstances, for an unreasonable length of time; but he should have gone further, and charged that, if it was removed the next morning from the room to the platform, for the purpose of being sent forward with the passenger on the other road, and the company's agent undertook to perform this duty, but neglected it, the company would be liable,—if not as a common carrier, for want of extraordinary care, it was at least liable as a bailee for hire, for want of ordinary care. Any other rule would, it seems to us, impose upon passengers a duty which the company has been paid to perform, and would, at all events, subject them to serious inconvenience, and perhaps to loss, without fault on their part, and for which they could have no adequate redress.

2. But, even if the court was right as to the degree of care the defendant was bound to bestow upon this baggage while temporarily under its control, then we are satisfied that it could not relieve itself of responsibility without in some manner accounting for the loss and showing how it got out of its custody. Its failure to do this would warrant the inference that it was stolen by its servants, or was lost in consequence of their gross neglect. This action was based upon the negligence of the defendant's agents. The trunk was last seen in their possession; the failure of

the company to produce a thing bailed, upon demand, *prima facie* established negligence and want of care. "Where there is a total default to deliver the goods bailed, on demand, the *onus* of accounting for such default is on the bailee." The charge of negligence is not fully met by evidence produced to show that the building used for the storage of baggage was safe and secure, in charge of trusty agents and servants, and properly guarded by day and night. It should go further, and show how this particular trunk got out of the possession of the company. "If it had been burned or stolen without fault on its part, the defendant would not have been liable. The evidence certainly shows a commendable vigilance in the general arrangements to protect this class of property, but it fails to point out how or by what means this trunk was lost. The inference that it was delivered to the wrong person by mistake is quite as legitimate as that it was stolen. To say that the servants were generally careful does not establish, as a question of law, that they were not careless in respect to this article. It was incumbent on the defendant to show that the loss of this trunk was not attributable to the want of care of its servants, and the evidence was such that the jury was justified in finding that it had failed to do it." Burnell *vs.* The New York Central R. R. Co., 45 N. Y., 184 (6 American R., 65), and citations. The defendant's exception to the charge of the court that follows is not tenable, under this exposition of the law, which, we think, is sound and altogether correct in laying down the rule that should govern in cases where the responsibility arises from gross neglect only: "If the other road (the East Tennessee, Virginia and Georgia) went off and left the trunk, and Ramsay, defendant's agent, took it and put it back in the baggage-room, then it would be liable only for gross neglect." Neither this nor any other portion of the charge, so far as the defendant is concerned, upholds the specific objection made, that the court assumed, without evidence and contrary to law, that Ram-

say's act in resuming possession of the trunk was binding upon the defendant company. The evidence authorizing this inference against the company was ample, and the law from which it arises, as we have seen, is clear and altogether satisfactory.

Judgment affirmed.