THE GEORGIA RAILROAD AND BANKING CO. *v.* THOMPSON.

86  327|
122  368|
123  476|

1. The verdict is not contrary to law or evidence.
2. On the trial of an action against a railroad company for the loss of a passenger's trunk, it was not error to charge that if the company failed to deliver it and undertook to deposit it in its warehouse, its liability would be that of a warehouseman, and it would be bound to use ordinary diligence in taking care of it, and if it failed, the plaintiff would be entitled to recover.

December 20, 1890.

Railroads.   Carriers.   Negligence.   Before Judge HINES. Taliaferro superior court. February term, 1890.

The plaintiff was a passenger on the defendant's road. Arriving at one of its stations, her destination, about two o'clock in the afternoon, she left the train, and her trunk was put off there. She gave to the assistant agent of the defendant the check for the trunk, and asked him to put the trunk in the depot for her until she could send for it; and he said he would do so. Not needing the trunk, she did not send for it until three days afterwards. In fact it was not put into the depot but left outside, and was stolen at some time after five o'clock of that afternoon. It was worth $12 and contained clothing worth $70. The assistant agent testified that he asked the plaintiff, when she gave him the check, if she wanted him to put the trunk into the depot, and she said no, she would send back for it directly. The plaintiff denied this. The defendant's agent saw the trunk sitting on the corner of the depot-platform, about five o'clock that afternoon. There was no name and no check on it; he had no idea whose it was; did not think it was a passenger's, but thought some one had left it there. There was no request for him to take care of it. In answer to the question why he did not put it into the depot, the assistant agent told the plaintiff's father that he thought the latter would send for it. One witness testified that

the plaintiff's father had stated that it was neglect on her part in not mentioning the trunk to him, and on his part in not going after it, that caused its loss. This was denied by the father. The jury found for the plaintiff $82, with interest from the time of the loss of the trunk. A motion by the defendant for a new trial was overruled, and it excepted.

J. B. CUMMING, BRYAN CUMMING and M. P. REESE, for plaintiff in error.

H. M. HOLDEN and JAMES WHITEHEAD, *contra*.

BLANDFORD, Justice.

The first three grounds of the motion for a new trial in this case, that the verdict is contrary to law, to the evidence, etc., we think are not well-taken.

It is further alleged as error that the court charged the jury that "if the defendant failed to deliver it (the trunk) and undertook to deposit it in its warehouse, the liability of the railroad would be that of a warehouse-man, and they would be bound to use ordinary diligence in taking care of it; and if they failed, the plaintiff would be entitled to recover." We think this charge was correct. Whether the company delivered the trunk to the plaintiff, or to its own agent to be deposited in its warehouse, was a question of fact to be determined by the jury, and the court left that question fairly to the jury to determine. If the trunk had been delivered to the plaintiff, then the company would not have been liable for its loss; the station-agent, under such circumstances, would have been her agent, and she would have to look to such agent in the case of loss; but if the company did not deliver the trunk to her, but to its own agent, then the company would be liable as a warehouseman for ordinary care and diligence in taking charge of it. We think this was a question of fact to be submitted to the jury, and that it was properly sub-

mitted under the charge of the court. Therefore we see no error in the refusal of the court to grant a new trial.                                        *Judgment affirmed.*