## SOUTHERN RAILWAY COMPANY v. EDMUNDSON.

Where it is shown that the baggage of a passenger was received by the carrier at the plaintiff's destination, and there is a total default to deliver the same on demand, the onus of accounting for such default is on the carrier. The evidence authorized the judgment for the plaintiff, rendered by the judge who tried the case without a jury.

Submitted May 25 — Decided June 17, 1905.

Action for damages. Before Judge McRae. City court of McRae. November 15, 1904.

Mrs. Georgia Edmundson, in her petition against the Southern Railway Company, alleged that the defendant had endamaged her in the sum of one hundred dollars, by reason of the following facts: That she boarded a train of the Atlantic Coast Line Railroad Company at Tampa, Florida, for Helena, Georgia, having previously purchased a ticket and checked her baggage, which was a valise, to her destination; that upon her arrival at Helena she presented her check to the defendant and demanded her baggage, but the defendant failed and refused to deliver the same to her, and still fails and refuses so to do or to pay her the value thereof; that the defendant contracted and agreed to receive the valise from the initial railroad at the junction point of defendant, and safely carry the same to Helena and there deliver it to petitioner; that the defendant did so receive it from the connecting road in good condition, and transported it to Helena, Georgia. The contents of the valise and its value were alleged. The defendant was alleged to be guilty of negligence in failing and

refusing to deliver to plaintiff the valise and its contents. Petitioner further alleged that the valise and its contents were taken and feloniously appropriated by some of defendant's agents, servants and employees. The defendant in its plea denied certain paragraphs of the petition, and required proof of others, because of want of sufficient information to either admit or deny them. The defendant further specially pleaded that it had exercised all care and diligence required of it in the protection of plaintiff's baggage, and was, therefore, not liable to her in any sum. The case was tried by the judge without a jury, and on the trial the plaintiff's testimony supported the allegations in the petition as to purchasing a ticket at Tampa, Florida, and checking the baggage to Helena. The plaintiff further testified, that she left Tampa at eight o'clock p. m., and arrived at Helena at 3:45 o'clock p. m., the next day; that upon her arrival she could not find the agent of defendant, but delivered the check to a friend and directed him to get her baggage; that the baggage was demanded that day, but not delivered; that she went out to her father's that afternoon, and about a week later she again sent for her baggage; but that she has never received the valise or its contents. She testified as to the contents of the valise and its value. Another witness for the plaintiff testified, that he presented the check to the agent of defendant, about two weeks after the baggage arrived at Helena, and demanded the valise, and that the agent directed him to a porter, but the porter could not find the valise. The defendant offered as a witness its agent at Helena, who testified that the plaintiff arrived at Helena on the northbound train at 3:45 p. m., that one Mr. Dean, for the plaintiff, asked for her "grip," and that he informed him that it had not come, but would doubtless be in on the night train; that the valise came that night on the northbound train and remained in the baggage-room for two weeks; that the "grip" was a common cloth one, bound with one strap, which was fastened with a buckle; that the witness was informed by the plaintiff that it contained baby clothes; and that had he known of its value he would have kept it in the office with him instead of in the baggage-room; that the baggage room is not in the same building with the office, but is across the tracks in the old depot; that any one might have stolen it from the baggage-room; witness

saw it there several times and kicked it out of his way; it remained. there to his knowledge for at least two weeks; all the baggage was kept in the baggage-room, but it was not kept locked all through the day; any one could have gone there without witness's knowledge and stolen the valise; that the baggage room was frequently allowed to remain open all day with no one to watch it; the railroad company had a man to handle baggage, but he did not stay at the baggage-room all the time. The judge rendered a judgment for the plaintiff. The defendant moved for a new trial, upon the usual grounds, and upon the additional ground that the allegations were not supported by the proof. The motion was overruled, and the defendant excepted.

*DeLacy & Bishop*, for plaintiff in error.
*D. C. McLennan*, contra.

Evans, J. (After stating the facts.) The plaintiff's suit was based upon the negligence of the defendant's agents. It was alleged, first, that the "agents, servants, and employees" of the defendant had misappropriated her baggage to their own use. It was further alleged that the defendant was guilty of a breach of duty in failing and refusing to deliver the valise and contents to the petitioner. Counsel for plaintiff in error insist that these two allegations should be construed together, and that in effect the petition alleged the liability of the defendant was because of the fraudulent misappropriation of the baggage by the defendant's agents and employees, and that the evidence wholly failed to sustain this charge. We can not agree with the counsel in their construction of the plaintiff's petition. The suit was for the failure to deliver the baggage. This was alleged to have been as the result of defendant's negligence. The further allegation that the baggage had been misappropriated by the defendant's employees was a statement of an additional reason why the defendant failed to deliver. Construing the petition, therefore, as a suit for failure to deliver baggage, the evidence authorized the plaintiff to recover its proved value. While under the facts the defendant most probably was not liable as a carrier, because of the lapse of time after the arrival of the baggage before the demand upon the agent, it certainly was liable to the plaintiff as a warehouseman. *Ga. R. Co.* v. *Thompson*, 86 *Ga.* 327. The defendant's possession of the baggage and the plaintiff's demand

for the same are admitted. "Where there is a total default to deliver the goods bailed, on demand, the onus of accounting for such default is on the bailee." *Rome Railroad* v. *Wimberly*, 75 *Ga.* 320; Civil Code, § 2896. The defendant company was bound to account for the valise and to show how it left its custody: The evidence which it submitted established that it was grossly negligent. It had put the baggage in a room which was frequently left open during the day under no proper surveillance by any of its agents. The valise was a cheap one, and the agent treated it contemptuously by kicking it out of his way, instead of exercising proper diligence in putting it in a place of safety. There was a failure by the railroad company to exercise proper care in the protection of the plaintiff's baggage, and its loss occasioned by the lack of such care rendered the defendant liable to the plaintiff.

*Judgment affirmed.　All the Justices concur, except Simmons, C. J., absent.*