## Speare *v.* Philadelphia & Reading Railway Company, Appellant.

*Carriers—Common carriers—Railroads.*

In an action against a railroad company, a terminal carrier, to recover for the loss of household goods, it appeared that a storage company, in Portland, Oregon, gave to the plaintiff a receipt for certain packages of household goods, and agreed that they should be "forwarded in a collective carload of household goods," to a freight company in Chicago. Plaintiff knew nothing of the condition of the four boxes and two barrels in which the goods were packed at the time they were shipped to Chicago. The receipt which the plaintiff received also stated

that the contents and condition of packages were unknown, except that they were in apparent good order. When the goods were received in Chicago they were delivered by the freight company to a railroad company as an initial carrier to be delivered by the defendant, a terminal carrier, in Philadelphia. The plaintiff produced no evidence whatever that the goods alleged to have been lost ever came into the possession of the initial railroad company at Chicago. *Held*, that the plaintiff was not entitled to recover.

Argued Nov. 17, 1910. Appeal, No. 70, Oct. T., 1910, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1907, No. 5,490, on verdict for plaintiff in case of Sallie Speare v. Philadelphia & Reading Railway Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover the value of four boxes and two barrels of household goods. Before BARRATT, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,080. Defendant appealed.

*Error assigned* amongst others was in refusing motion for judgment for defendant non obstante veredicto.

*John G. Lamb*, for appellant.—The first essential, in order to recover against a common carrier for goods alleged to be lost while in its custody for transportation is, that the claimant must prove affirmatively that the goods were delivered to it: Sheble v. R. R. & Nav. Co., 98 Pac. Repr. 745; Rome R. R. Co. v. Wimberly, 75 Ga. 316; Lake Erie & Western Ry. Co. v. Oakes, 11 Ill. App. 489; Kessler v. R. R. Co., 61 N. Y. 538; Romero v. McKernan, 88 N. Y. Supp. 365; Kauffman v. R. R. Co., 41 Pa. Superior Ct. 486; Castellucci v. R. R. Co., 40 Pa. Superior Ct. 24.

The most that can be said in favor of the appellee, as to the position of the Portland Van & Storage Company,

and the Trans-Continental Freight Company, is that they were forwarders. As such they were undoubtedly the agents of the shipper: Patterson v. Clyde, 67 Pa. 500; Beard v. Ry. Co., 79 Iowa, 527 (44 N. W. Repr. 803); Camden & Amboy R. R. Co. v. Forsyth, 61 Pa. 81.

*Samuel M. Hyneman*, for appellee, cited: Blakiston v. Davies, 42 Pa. Superior Ct. 390; Vuille v. R. R. Co., 42 Pa. Superior Ct. 567; Kauffman v. R. R. Co., 41 Pa. Superior Ct. 486; Bank of Kentucky v. Adams Express Co., 93 U. S. 174.

OPINION BY PORTER, J., October 9, 1911:

The plaintiff brought this action in assumpsit to recover for a lot of secondhand household goods alleged to have been lost during the course of transportation over the line of the defendant. The plaintiff recovered a judgment in the court below and defendant appeals.

There is no necessity for inquiring whether the Portland Van & Storage Co. and the Trans-Continental Freight Co. were liable to this plaintiff as common carriers of the packages in question. An initial carrier may, so far as the carrier which completes the transportation is concerned, become a forwarder and agent of the shipper. The receipt which the Portland Van & Storage Co. gave to the plaintiff for the packages provided that they should be "forwarded in a collective carload of household goods to Trans-Continental Freight Co., at 355 Dearborn St., Chicago, Ill., which is the point of distribution of said carload, and to be thereafter shipped or delivered to . . . . at . . . . which is the final destination of this lot." The blanks indicating the point to which the goods were to be shipped from Chicago were not filled out, but the concluding part of the receipt states the freight rate through to Philadelphia, where the freight was to be paid for the carriage over the whole route, thus indicating that the ultimate destination of the shipment was to be Philadelphia. This clearly indicated that the entire transpor-

tation was to involve two distinct shipments. The evidence failed to disclose that either the Portland Van & Storage Co. or the Trans-Continental Freight Co. had any authority to represent the defendant company or to bind it by any contract. This action is directly against the Philadelphia & Reading Railway Company, as carriers from Tamaqua, Pennsylvania, to Philadelphia. The plaintiff had no connection with the defendant company except through the Trans-Continental Freight Co. The defendant not being liable for nor privy to the transportation over the lines west of Chicago, and the Trans-Continental Freight Co. being the only shipper known by it, whatever contract was made by the Trans-Continental Freight Co. with the Michigan Central Railroad Co. for the shipment from Chicago to Philadelphia, necessarily became the contract of the plaintiff. It is unlike the case of a contract with a carrier to deliver at a point beyond the termination of his own route, by which he makes himself liable for the acts of others on the terms of the original shipment. Here the Michigan Central Railroad Co. contracted only for itself and its connecting carriers to transport the packages which it received, of the Trans-Continental Freight Co., from Chicago to Philadelphia, and the Trans-Continental Freight Co. necessarily became the agent of the plaintiff, who became bound by the terms of the shipment. The plaintiff in order to recover from the Michigan Central Railroad Co. or any connecting carrier, including this defendant, was required to produce precisely the same evidence as if she herself had delivered the packages to the Michigan Central Railroad Co. and had accepted the bill of lading which that road issued for the shipment: Camden & Amboy Railroad Co. v. Forsyth, 61 Pa. 81; Patterson v. Clyde, 67 Pa. 500.

The burden was upon the plaintiff to prove, in order to recover of the defendant the value of the goods which she alleged had been lost, that the goods had come into possession of the defendant. She could not discharge

this burden by merely proving that a certain number of packages had been delivered by the Trans-Continental Freight Co. to the Michigan Central Railroad Co. at Chicago, she was required to go further and show that the packages so delivered contained the goods which she asserts were lost. The plaintiff attempted to discharge this burden by offering in evidence an affidavit of defense which had been filed in the case. We have carefully considered that affidavit and are not satisfied that it contained anything which ought to be construed as an admission that any of the goods which are alleged to have been lost were contained in the packages which were received by the Michigan Central Railroad Co. at Chicago. The affidavit states that, "The shipment in question was received by the Michigan Central Railroad Co. from the Trans-Continental Freight Co. at Chicago upon August 14, 1906, to be forwarded as stated in the bill of lading given therefor, a copy of which is attached to plaintiff's statement, according to the terms and conditions of the bill of lading of the Michigan Central Railroad Co., etc. The said goods were carried over the lines of the Michigan Central Railroad, Delaware, Lackawanna & Western and Central Railroad of New Jersey, and delivered to the Philadelphia & Reading Railway Co. at Tamaqua, Pennsylvania, and carried by the last named company to destination." This cannot fairly be construed to mean more than that the shipment designated in the bill of lading issued by the Michigan Central Railroad Co. on August 14, 1906, was by the connecting carriers delivered to the defendant company at Tamaqua. Turning to the bill of lading we find that it acknowledges the receipt of, for purposes of transportation, certain boxes and barrels of household goods, "in apparent good order (contents and value unknown)." There thus appeared upon the face of the bill of lading, to which the affidavit referred, an express disclaimer of any knowledge of the contents and value of the packages which constituted the shipment. But, in addition to the disclaimer

of knowledge of contents of the packages appearing upon the face of the bill of lading, the affidavit distinctly averred, that, "The defendant has no knowledge or information as to the particular items of the goods alleged to have been lost, nor as to the value of the said various items, as set out in the plaintiff's statement, but the deponent believes that the quantity of said goods alleged to be lost, and the prices alleged as to their value are very grossly exaggerated, and it prays that due proof be made both of the quantity and value of said goods." This affidavit taken as a whole did not contain an admission that the goods which plaintiff asserted had been lost had been contained in the packages which the Michigan Central Railroad Co. received from the Trans-Continental Freight Co. at Chicago. This was the only evidence which the plaintiff offered for the purpose of showing that the packages which the Michigan Central Railroad Co. had received at Chicago contained the goods which plaintiff now asserts were lost. Assuming the entire testimony of the plaintiff to be true, it only establishes that some time in June, 1906, she packed her household goods, which had for years been in storage at the Frederick E. Bickel Storage Warehouse Co., in Portland, Ore., in four boxes and two barrels and left them in storage with the warehouse company. The goods remained in the custody of the warehouse company for a period not definitely indicated by the evidence but certainly for a number of days, and during that period neither the plaintiff nor any of her servants had access to the property, so far as disclosed by the evidence. On July 1, 1906, she telephoned to the Portland Van & Storage Co. and directed them to get the goods from the warehouse company and ship them to Philadelphia, and at the same time she telephoned to the Bickel Warehouse Co. to deliver them to the Portland Van & Storage Co. when called for. She could not know whether the employees of the warehouse company had tampered with the goods nor could she know whether the warehouse company delivered to the Portland

Van & Storage Co. the same barrels and boxes which she had packed some time before. The case is entirely different from one in which an owner causes goods to be packed in cases in his own warehouse and those cases remain in his custody until they are by his draymen delivered to the carrier. There was no direct evidence that the Portland Van & Storage Co. even received any packages from the Bickel Warehouse Co. The receipt of the Portland Van & Storage Co. which the plaintiff produced acknowledges that that company had "Received from Mrs. S. Speare in apparent good order the goods listed below (contents and condition of packages otherwise unknown)," but contains no reference to the Bickel Storage Warehouse Co. There is upon the face of this receipt an express disclaimer of knowledge of the contents and condition of the packages by the Portland Van & Storage Co. Assuming, however, that the Portland Van & Storage Co. did receive from the Bickel Warehouse Co. a certain number of packages, the facts yet remain that the goods had not been in the custody of the plaintiff, who was the shipper, and she called no employee of the warehouse company nor any other witness to testify that the warehouse company delivered the same goods which the owner had packed at an earlier date. The plaintiff offered no testimony tending to show how the packages were transported from Portland, Ore., to Chicago, Ill., nor did she make any attempt to show how the packages were stored or what was done with them during the three weeks which, according to her statement, they remained in Chicago. She produced no evidence tending to establish that the packages which the Trans-Continental Freight Co., on August 14, 1906, delivered to the Michigan Central Railroad Co., at Chicago, were the same packages and contained the same goods which the plaintiff had left with the Bickel Storage Warehouse Co., at Portland, Ore., about two months earlier. The evidence produced at the trial was insufficient to sustain a finding that the Bickel Storage Warehouse Co. had delivered to the Port-

land Van & Storage Co. the goods which the plaintiff asserts were lost. We are of opinion further that the shipment from Chicago to Philadelphia being, as we have held, a distinct transaction and there being no evidence as to how the goods reached Chicago and it being admitted in the statement filed by the plaintiff that the goods had been in that city for over three weeks, the burden was upon the plaintiff to produce some evidence tending to identify the packages, with their contents, shipped on August 14, over the Michigan Central Railroad Co., with the packages and goods which the plaintiff had packed in the previous June, at Portland, Ore.; Sheble v. Oregon, R. R. & Nav. Co., 98 Pac. Repr. 745; Rome R. R. Co. v. Wimberly, 75 Ga. 316; Kessler v. N. Y. C. R. R. Co., 61 N. Y. 538; Moore on Carriers, 386; 3 Hutchinson on Carriers, sec. 1347. Two of the boxes which plaintiff packed at the Bickel Storage Warehouse, in Portland, may never have reached Philadelphia. All of the barrels and boxes may have been opened after the plaintiff packed them and goods which had been in the boxes which never reached Philadelphia may have been by some person transferred to the other barrels and boxes, as asserted in plaintiff's statement. One of the boxes which did reach Philadelphia may not have been among the number which the plaintiff packed in Portland, although there was in it one article which she testified was her property and the other goods in that box which did not belong to the plaintiff may have been placed in that box through a mistake or from some dishonest purpose. The difficulty with the plaintiff's case was that she failed to produce evidence sufficient to warrant a finding that the goods alleged to have been lost ever came into the possession of the Michigan Central Railroad Co., at Chicago. There is not, as against this defendant, any presumption of law or fact that the packages were not opened and the contents shifted from one package to another and some of the goods abstracted while the packages were at the Bickel Warehouse Co., in Portland, or while in the custody of

the Trans-Continental Freight Co., at Chicago. The defendant was, therefore, entitled to have the point praying for binding instructions affirmed, and the motion for judgment non obstante veredicto ought to have prevailed.

The judgment is reversed and the record is remitted to the court below with directions to enter judgment in favor of the defendant non obstante veredicto.

HENDERSON and HEAD, JJ., dissent.